IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nicholas Miller,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:11-cr-00417-TLW<br>C/A No. 4:13-cv-00878-TLW<br><br>**Order** |

    This matter comes before the Court on the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Nicholas Miller. (Doc. #831.)

    On March 22, 2011, Petitioner was indicted on six counts of a nineteen-count drug-related indictment. On March 27, 2012, he pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine and 28 grams or more of crack cocaine. The PSR held him accountable for 128.1 grams of crack cocaine. The PSR calculated that this resulted in a base offense level of 30. He received a two-point enhancement because he failed to appear for his pretrial hearing and absconded from pretrial supervision, ultimately resulting in the issuance of a bench warrant. Because of these actions, he also did not receive a reduction for acceptance of responsibility. His total offense level was 32 and his criminal history category was III, resulting in a guideline range of 151 to 188 months imprisonment.

    Prior to the sentencing, the Government filed a motion for downward departure pursuant to § 5K1.1 of the guidelines. On June 12, 2012, the Court sentenced Petitioner to 105 months imprisonment.

    On or about April 1, 2013, Petitioner filed this § 2255 motion, in which he questioned whether he was sentenced under the appropriate guideline range. A review of the record

1

indicates that the PSR correctly noted that the 2011 edition of the guidelines was to be used because it was in effect at the time of the sentencing and was less punitive than the edition in effect when the offense was committed. However, while the PSR stated that the 2011 edition would be used, it appears that this was not the actual edition that was used to calculate Petitioner's sentence. Under the 2010 guidelines, a drug weight of 128.1 grams resulted in a base offense level of 30, *U.S. Sentencing Guidelines Manual* § 2D1.1(c)(5) (2010), which is what the PSR reflected. However, under the 2011 (and subsequent) guidelines, the same drug weight results in a base offense level of 28. *U.S. Sentencing Guidelines Manual* § 2D1.1(c)(6) (2011). Thus, if the 2011 guidelines had been applied, he would have had a total offense level of 30, not 32, prior to the § 5K1.1 reduction.

Because of this issue, the Court finds that the interests of justice require the reappointment of counsel for Petitioner. 18 U.S.C. § 3006A(a)(2)(B). Accordingly, the Court appoints Petitioner's prior counsel, John Reuben Long II, to represent Petitioner and review this issue. Petitioner's counsel has 30 days from the date of this Order to make any filings he deems appropriate to address this issue, and to serve such filings on the Government's counsel. The Government then has 30 days to file a response.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

May 21, 2014
Columbia, South Carolina