IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nicholas Miller,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:11-cr-00417-TLW<br>C/A No. 4:13-cv-00878-TLW<br><br>**Order** |

    This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Nicholas Miller. As he has received the relief he seeks as a result of the wrong guideline being applied at his original sentencing and for the reasons stated below, the Court dismisses the petition as moot.

    Petitioner was indicted on six counts of a nineteen-count drug-related indictment. He pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine and 28 grams or more of crack cocaine. The PSR held him accountable for 128.1 grams of crack cocaine. The PSR calculated that this resulted in a base offense level of 30. He received a two-level enhancement because he failed to appear for his pretrial hearing and absconded from pretrial supervision, ultimately resulting in the issuance of a bench warrant. Because of these actions, he also did not receive a reduction for acceptance of responsibility. His total offense level was 32 and his criminal history category was III, resulting in a guideline range of 151 to 188 months imprisonment.

    Prior to the sentencing, the Government filed a motion for downward departure pursuant to § 5K1.1 of the guidelines. The Court granted a five-level reduction and sentenced Petitioner to 105 months imprisonment.

Petitioner timely filed this § 2255 petition, in which he questioned whether he was sentenced under the appropriate guideline range. A review of the record indicates that the PSR correctly noted that the 2011 edition of the guidelines was to be used because it was in effect at the time of the sentencing and was less punitive than the edition in effect when the offense was committed. However, while the PSR stated that the 2011 edition would be used, this was not the actual edition that was used to calculate Petitioner's sentence—the 2010 edition was used.

Under the 2010 guidelines, 128.1 grams of crack resulted in a base offense level of 30, *U.S. Sentencing Guidelines Manual* § 2D1.1(c)(5) (2010), which is what the PSR reflected. However, under the 2011 guidelines, the same drug weight results in a base offense level of 28. *U.S. Sentencing Guidelines Manual* § 2D1.1(c)(6) (2011). Thus, if the 2011 guidelines had been applied, after taking into account the two-level obstruction enhancement, he would have had a total offense level of 30, not 32, prior to the § 5K1.1 reduction. After taking into account the previously-granted five-level § 5K1.1 reduction, this would result in a post-reduction range of 70 to 87 months (OL 25, CHC III), instead of the post-reduction range of 87 to 108 months (OL 27, CHC III) under which he was sentenced.

While the mistake is now clear, his § 2255 petition is moot because Petitioner has been resentenced pursuant to his motion filed under 18 U.S.C. § 3582(c)(2) and Guideline Amendment 782. ECF No. 966. In resentencing him, the Court recalculated his sentence using the correct guidelines manual, which is the 2014 edition. Under the 2014 edition (which includes the Amendment 782 changes), 128.1 grams of crack results in a base offense level of 26 (two levels lower than in the 2011 edition). *U.S. Sentencing Guidelines Manual* § 2D1.1(c)(7) (2014). After adding the two-level obstruction enhancement, he had a total offense level of 28. With his criminal history category of III, this resulted in an amended guideline range of 97 to

121 months (OL 28, CHC III).  After factoring in the same five-level § 5K1.1 reduction that he previously received, his amended post-reduction guideline range was 57 to 71 months (OL 23, CHC III).

After considering the factors set forth in Application Note 1(B) of § 1B1.10, the Court concluded that a sentence within this range would be inappropriate in this case and instead resentenced him to 85 months.  This sentence was based in part on drug offenses committed in Virginia while Petitioner was on absconder status pending sentencing.  Though this 85-month sentence was above the amended post-reduction guideline range of 57 to 71 months, the Court's calculation of the applicable guideline range took into account the issue he addresses in his § 2255 petition.  Accordingly, his petition for relief pursuant to § 2255, ECF No. 831, is **DISMISSED AS MOOT**.[1]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal

---

[1] The Court also notes that if this petition were not dismissed as moot, Petitioner would not be entitled to relief on the merits because, as the Government argues, the erroneous application of the sentencing guidelines is generally not cognizable on collateral review pursuant to § 2255. *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).  The Court also notes that the Government has recognized that the Amendment 782 recalculation would take into account the new guideline.  ECF No. 917 at 1.

Additionally, the Motion to Correct Sentence, ECF No. 903, filed by Petitioner's counsel, is also dismissed as moot for the reasons stated herein.

Rules of Appellate Procedure.

    **IT IS SO ORDERED**.

                                                             _s/ Terry L. Wooten_
                                                             Terry L. Wooten
                                                              Chief United States District Judge

July 2, 2015
Columbia, South Carolina